## MALLORY v DILLON et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 23, 1934

W. H. Yost, Youngstown, for plaintiff.
Dominic Rendinell, Youngstown, for defendants.

### OPINION

By LYNCH, J.

The only question for consideration here is as to whether the defendants, if they be a valid lessee of said city, have any right to use and occupy said beach in the way and manner admitted by the record in this case.

It is to be observed that in the grant by the owner of the forty-nine acre parcel to the City of Youngstown, she reserved to herself, her heirs and assigns, the same riparian rights therein consistent with its purpose for a reservoir, at that time held by her in the Mahoning River. The right was also reserved to her, her heirs and assigns, of access to and upon the reservoir to be constructed on said forty-nine acre parcel. Usually riparian rights go with the transfer of title to the grantee. A riparian owner means, in its common law sense, the owner of the ripa, or bank of a stream. When the city's grantor, Mrs. Craig, owned the forty-nine acre parcel, she was a riparian owner insofar as the bank of the Mahoning River was concerned. If upon conveying the forty-nine acre parcel to the city she had made no reservation of what are referred to as "riparian rights," she would have had none, as all of such rights would belong to her grantee, heirs or assigns.

In view of the facts in this case and the reservation in the deed, we are constrained to hold, and do hold, that the right of access to and the use of the part of the bank to the reservoir herein involved arises by virtue of a contract, accepted and acted upon, rather than by the usual rules applicable to riparian owners. We find that plaintiff is entitled to the injunctive relief prayed for. Whatever rights the city may have, or the defendants would have in common with the public in using said part of said beach, we do not now determine. However, we do find and hold that the defendants are not entitled to do any of the things alleged and admitted. Thus it follows the judgment in this case is in favor of the plaintiff. An entry may be drawn permanently enjoining defendants as prayed for in the petition, and submitted to Judge Roberts, who will continue as a member of this court, for his approval. The journal entry shall provide a reasonable time, taking into consideration the season of the year, in which defendants may remove the boat docks and other things constructed along said beach line here involved. The costs of this action are adjudged against the defendants. To all of which defendants except.

ROBERTS, J, concurs in the judgment.
SMITH, J, not sitting in the case.